RAYMOND A. REMICK, PETITIONER *vs.* JUNE B. ROLLINS.

Knox.    Opinion, October 2, 1946.

*Alan L. Bird,* for petitioner.

*Charles T. Smalley,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, JJ.

THAXTER, J.    At the May term, 1943, of the Superior Court for the County of Knox, June B. Remick, now June B. Rollins, was granted a divorce from the petitioner, Raymond A. Remick. Custody of two minor children was granted to the libellant and the libellee was ordered to pay to the libellant fifty dollars a month for their support. He was also required to pay $50,000 as a specific sum in lieu of alimony. By agreement certain real estate was to be transferred to the libellant and execution was to issue against the libellee for $43,200. January 21, 1944 a petition was filed by the libellee to amend this decree, and on March 25th a decree was entered amending it by striking out the provision relating to the payment of $50,000. Exceptions of the libellant to the entry of this decree were sustained on procedural grounds. *Remick* v. *Rollins,* 141 Me., 65, 38 A., 2d, 883. At the February term, 1945, of the Superior Court, on a new petition by the libellee and on agreement of the parties, a decree was entered modifying the original decree. Under the terms of this the libellee was ordered to pay $100 per month for the support of the children and $70 per month as alimony for a period of fifteen years, and the sum of $4,350 in settlement of all sums in arrears under the original decree. March 29, 1946 a new petition was filed by the libellee asking for a modification with respect to alimony of this last decree. Apparently by agreement at the time of the hearing a petition was filed by the libellant asking that the amount allowed for the support of the children be increased. With this we

are not here concerned. On the petition seeking a modification with respect to alimony, the presiding justice after a hearing altered the decree by striking out the order for the payment of alimony of $70 per month for fifteen years, and on the petition seeking an increase in the amount for the support of the children this was raised from $100 to $150 per month; but, as we have said, the question of the children's support is not before us.

The case is here on the libellant's exceptions to the exclusion of certain evidence. Counsel for the petitioner claims that the exceptions are not in proper form to present the issue to this court. We do not agree with his contention. The exceptions present a narrow but very fundamental question.

Counsel for the wife sought to bring out the financial situation of the husband at the time the parties separated prior to the divorce. The evidence was excluded on the ground that it was immaterial. This ruling was certainly correct when we consider that such decree, having been subsequently amended in accordance with an agreement of the parties, was no longer in force. Also counsel attempted to show the circumstances back of the award of the $50,000 settlement. All questions on this subject were objected to and excluded. Apparently it is the purpose of counsel for the wife to claim that the original decree with respect to the payment of money and the modification of it represented a property arrangement agreed to by the parties, and that therefore the amended decree was not really an order for the payment of alimony, and that for this reason the presiding justice who made the ruling below was without power to change the decree entered at the February term, 1945. The bill of exceptions indicates very clearly that the evidence which was excluded was offered on this assumption. It says: " ... counsel for said June B. Rollins offered to show that the original agreement was not in the nature of alimony but was and was intended by the parties to effect a settlement of their property affairs. The court ruled that such evidence was immaterial ...."

R. S. 1944, Chap. 153, Sec. 62, gives to the court the power at

any time to "alter, amend, or suspend a decree for alimony or specific sum when it appears that justice requires; . . ."

Even though the decree of the court with respect to the payment to the wife may have been entered in accordance with an agreement of the parties, it was still a decree for alimony and subject to modification as provided by this statute. The evidence offered by the libellant was therefore immaterial and the ruling of the court below excluding it was correct.

*Exceptions overruled.*